UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DAVI,<br><br>          Petitioner,<br><br>     vs.<br><br>DARRIN YOUNG, Warden, in his individual capacity;<br>BOB DOOLY, Warden, in his individual capacity;<br>DENNY KAEMINGK, Secretary of Corrections, in his individual capacity,<br><br>          Respondent. | 4:14-CV-04184-KES<br><br>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT |

Plaintiff, Scott Davi, filed this lawsuit pursuant to 42 U.S.C. § 1983, naming Darrin Young, Bob Dooly, and Denny Kaemingk as defendants. Docket 1. Magistrate Judge Veronica L. Duffy "screened" this case pursuant to 28 U.S.C. §§ 1915 and 1915A and recommends dismissal of all of Davi's claims for failure to state a claim upon which relief may be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 10. Davi objects to the recommendations. Docket 11. For the reasons below, Magistrate Judge Duffy's report and recommendation is adopted, and Davi's complaint is dismissed.

**FACTUAL BACKGROUND**

A full factual background was provided by Magistrate Judge Duffy in her report and recommendation. Docket 10. Therefore, this court will only give a

simple explanation and rely on the magistrate judge's report and recommendation for the full background.

In 1991, Davi was convicted of murder, burglary, rape, and being a habitual offender. *State v. Davi*, 504 N.W.3d 844, 847 (S.D. 1993). He received four life sentences without parole, a fifteen year sentence and a twenty year sentence to run concurrently. *Id*. The South Dakota Supreme Court denied Davis habeas relief. *Davi v. Class*, 609 N.W.2d 107, 118 (S.D. 2000). He is currently incarcerated in the Jameson Annex of the South Dakota State Penitentiary (SDSP). Docket 1 at 1.

Davi filed this complaint on December 16, 2014. Docket 1. He raises three claims in his complaint. *Id*. Count 1 alleges that the Department of Corrections (DOC) Policy 1.1.B.2 violates due process. Docket 10 at 3. Count 2 alleges that implementation of Policy 1.1.B.2 is unlawful because it violates his "Sentencing and Judgment Order." *Id*. at 4. Count 3 alleges that his due process and free speech rights have been and are being violated by DOC Policy 1.5.D.3, which allows no more than ten sheets of paper in each piece of mail sent to a prisoner. *Id*. Magistrate Judge Duffy recommends all three claims be dismissed. Docket 10. Davi timely filed objections to the report and recommendation. Docket 11.

## LEGAL STANDARD

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

## DISCUSSION

Davi objects to Magistrate Judge Duffy's recommendations on each of his claims. Docket 11.

### I. Policy 1.1.B.2 Is Not Unconstitutionally Vague

First, Davi argues that Magistrate Judge Duffy misunderstood his claim. Docket 11 at 1. Davi identifies the deductions from his account and describes the DOC policy regulating deductions for savings, court costs, and costs of incarceration. *Id.* at 1-2. He states, "These numbers are not in line with how the policy is written." *Id.* at 2. He then explains what the numbers should be "per the policy . . . ." *Id.* After pointing out that the numbers should be different he states, "This is the issue that makes this policy so vague under chatin [sic], unconstitutional and null and void . . . ." *Id.* Liberally construed, Davi argues that the DOC policy is unconstitutionally vague because the deductions from his account do not match the deduction levels in the DOC policy.

" 'The Fifth Amendment guarantees every citizen the right to due process. Stemming from this guarantee is the concept that vague statutes are void.' " *United States v. Birbragher*, 603 F.3d 478, 484 (8th Cir. 2010) (quoting

*United States v. Washam*, 312 F.3d 926, 929 (8th Cir. 2002)). "The vagueness doctrine recognizes that '[a] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' " *Id.* (quoting *Washam*, 312 F.3d at 929). In his objection, Davi merely argues that the amount taken out of his account was different than the amount stated in the policy. Docket 11 at 2. This is a disagreement over the amounts that have been deducted from his account, not the vagueness of the policy.

Even if the vagueness of the policy could be proven by the discrepancy in deductions, the deductions on Davi's account follow the policy. Once an inmate's account reaches $140.00, "a percentage established by the DOC may be transferred to the inmate's savings subaccount based on receipt type. Any remaining funds received will have a percentage disbursed to Fixed Obligations in priority by type." 1.1.B.2 Inmate Accounts and Financial Responsibility at IV(8)(B).[1] On February 28, 2014, $488.71 was put into his account from the Pontiac Correction Center where Davi was previously incarcerated. Docket 4-1 at 1; Docket 4 at 1. According to Davi's objections, the deductions should be "5% for savings, 40% for court costs, and 40% for costs of incarceration from the original deposit of $488.71." Docket 11 at 2. The policy itself only states that inmates can transfer money into savings and a percentage for obligations

---

[1] DOC policy PDFs can be found at https://doc.sd.gov/about/policies/.

owed by prisoners will be taken out of deposits, without stating the percentages. 1.1.B.2 Inmate Accounts and Financial Responsibility at IV(8)(B); IV(7).

The court does not know the source of Davi's percentages, but they reflect the withdrawals from his account. 5% of $488.71 is $24.44, which was transferred into his savings account. 40% of $488.71 is $195.48. This amount was deducted for a court ordered obligation. Docket 4-1 at 1. Davi then had $100 frozen and $52.10 remaining. This $52.10 was deducted for the cost of incarceration. *Id.* There was not enough to deduct the full $195.48. These numbers are correct; the policy is not unduly vague. Davi's objection is unpersuasive, and the court adopts Magistrate Judge Duffy's recommendation and dismisses Count I.

## II.   Deductions Did Not Violate His Sentencing Order

Davi objects to Magistrate Judge Duffy's recommendation that his second claim be dismissed. Specifically, he argues that the deduction for costs of incarceration from his account violates his sentencing order. In pertinent part, his sentencing order states that he:

> be imprisoned in the South Dakota State Penitentiary, located in Sioux Falls, County of Minnehaha and State of South Dakota . . . There to be kept, fed and clothed according to the rules and discipline governing said South Dakota State Penitentiary.
> It is further ordered that costs and fees are waived.

Docket 10-1 at 2-3. Magistrate Judge Duffy found the statement "costs and fees are waived" to mean the costs and fees of prosecution. Docket 10 at 13.

5

Davi objects, arguing that this statement is about the costs and fees of incarceration. Docket 11 at 2.

Davi first argues, "Judge Hurd states 'to be' meaning you will be kept, fed, and clothed, meaning the state shall pay those costs . . . ." Docket 11 at 2. The statement in the sentencing order that he was "to be kept, fed, and clothed," however, does not indicate who pays the costs of incarceration.

Davi next argues the statement "the rules and discipline governing [the prison]" refers to prison rules, not a statute granting the prison power to deduct costs of incarceration. Docket 11 at 2. He argues that if the judge was referring to a statute, he would have cited it. *Id.* This is a reasonable argument, but the judge does not cite a prison rule either. The lack of citation is not dispositive evidence that either interpretation is accurate.

Davi argues there was no reason for the judge to address costs of incarceration unless he was waiving those costs because a statute gave the DOC authority to collect the costs. Docket 11 at 2. It is not clear exactly what Davi means by this argument. The judge did not mention costs of incarceration, only that "costs and fees are waived." Docket 10-1 at 3.

Finally, Davi argues that the policy of collecting costs of incarceration was not authorized at the time of his conviction. Docket 11 at 2. This is not true. SDCL 24-2-28 provides that inmates are "liable for the cost of the inmate's confinement which includes room and board charges; medical, dental, optometric, and psychiatric services charges; vocational education

6

training; and alcoholism treatment charges." This statute was first enacted in 1985 and was in place when Davi was sentenced in 1991. *See* Docket 10-1 at 2 (sentenced on June 11, 1991).

The crux of Davi's argument is it would be obvious if the judge was *not* waiving costs of incarceration. In fact, it would be odd if the judge revoked the statutory authority of the DOC to collect costs of incarceration without explicitly saying he was doing so. The court agrees with Magistrate Judge Duffy's interpretation that the judge did not waive the costs of incarceration. The recommendation is adopted, and Count II is dismissed.

### III.    The DOC Mail Policy Is Not Unconstitutional

Davi objects to Magistrate Judge Duffy's recommendation that Count III be dismissed. Davi argues the DOC mail policy is unconstitutionally vague because neither the court nor prison staff can comprehend it, the prison cannot have a penological interest in restricting this material if it allows it into the prison, and the court should vindicate the rights of people sending mail to prisoners as well as prisoners. Docket 11 at 3. In general, Davi also argues defendants should respond to his complaint rather than the court. *Id.*

Davi objects to Magistrate Judge Duffy's conclusion that the mail policy is clear. The DOC mail policy states that certain items may be rejected including correspondence with "more than ten (10) sheets of paper . . . ." 1.5.D.3 Offender Correspondence IV(8)(A)(10). Davi argues that the policy states "more than ten (10) sheets of extra paper <u>unrelated to the</u>

correspondence." Docket 11 at 3. The court has reviewd the language of the DOC policy and does not find the phrase "unrelated to the correspondence" in the DOC policy. Davi complains that he cannot receive a thirty-two page case from his family. Under the publicly available policy, the SDSP is following DOC rules.

Davi argues that if the DOC does not reject his correspondence, it must not be dangerous. Docket 11 at 3. If he can receive ten pages of harmless correspondence, he should be able to receive thirty-two pages. *Id.* The issue before the court, however, is whether DOC Policy 1.5.D.3 is valid.

"To be valid, 'a prison regulation [which] impinges on inmates' constitutional rights ... [must be] reasonably related to legitimate penological interests.' " *Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). "There are four relevant factors in determining the reasonableness of the regulation . . . ." *Id.* (citing *Turner*, 482 U.S. at 89-91). The third *Turner* factor weighs " 'the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally.' " *Id.* (quoting *Turner*, 482 U.S. at 89-91). Even though twenty-three extra pages of correspondence may be as harmless as the first ten pages, the court considers the effect on prison resources of searching extra pages. This, coupled with the deference courts must show to prison officials, *Murchison*, 779 F.3d at 888, shows this policy is valid.

Davi argues that the court should consider the rights of people sending mail to prisoners. The individuals sending mail into the prison are not parties to this suit. Those individuals' rights are irrelevant to Davi's complaint, and Davi does not have standing to raise the rights of others.

Throughout "Issue 3" Davi argues the defendants should respond to his complaint rather than the court. Under §§ 1915 and 1915A, the court is required to screen a prisoner complaint and dismiss it if it "fails to state a claim upon which relief may be granted." § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The court adopts Magistrate Judge Duffy's recommendation that all claims be dismissed for failure to state a claim.

### IV. Davi's Filing Fee.

If Davi's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. The legislative history and the case law interpreting the Prison Litigation Reform Act (PLRA), however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. The fact that Davi's case is dismissed under the screening procedures of §§ 1915 and 1915A does not negate his obligation to pay the fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (Under the PLRA prisoners are required to pay filing fees in full. The only issue is whether the inmate pays the entire filing fee at filing or in installments.). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110

9

F.3d 528, 529-30 (8th Cir. 1997). Davi remains responsible for the $350.00 filing fee.

Davi is advised that the dismissal of this lawsuit will be considered a **first "strike"** for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Therefore, it is ORDERED

1. The magistrate judge's report and recommendation (Docket 10) is adopted and Davi's § 1983 complaint is dismissed without prejudice.

2. This action constitutes the first strike against Davi for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated October 19, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE